RICHLAND COUNTY BAR ASSOCIATION *v.* BRIGHTBILL.

[Cite as Richland Cty. Bar Assn. v. Brightbill (1990), 56 Ohio St. 3d 95.]

(No. 90-1132—Submitted July 31, 1990—Decided December 19, 1990.)

96

*William Travis McIntyre,* for relator.

*David L. Kitzler,* for respondent.

*Per Curiam.* We agree with the board's findings and recommendation and hereby publicly reprimand respondent for his misconduct. Costs taxed to the respondent.

*Judgment accordingly.*

SWEENEY, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

MOYER, C.J., WRIGHT and RESNICK, JJ., dissent.

MOYER, C.J., dissenting. I would suspend respondent from the practice of law in the state of Ohio for a period of six months.

WRIGHT, J., dissenting. I concur in the thrust and substance of Justice Resnick's dissent but not in her proposed penalty of indefinite suspension. Instead, I would suspend respondent for one year.

ALICE ROBIE RESNICK, J., dissenting. I vehemently dissent from the majority's granting of a public reprimand in this case. Respondent admitted that he has engaged in illicit sexual conduct with prostitutes on several occasions. Most egregious was the fact that apparently on one occasion, while using a county vehicle, he engaged the services of a prostitute and reportedly attempted to use his position as an assistant prosecutor to avoid paying for this illegal activity.

Respondent has admitted to being charged with and convicted of impersonating a peace officer and soliciting to engage in sexual activity for hire. This behavior brought disgrace not only to respondent but to the prosecutor's office and the entire legal profession. The board, in recommending a public reprimand, commented that respondent's misconduct did not directly relate to the practice of law.

This statement is without foundation in fact. A lawyer's personal activities, especially those involving criminal conduct, cannot be separated from the practice of law, particularly where the conduct involves moral turpitude and is prejudicial to the administration of justice. Respondent was in fact found to have violated DR 1-102(A)(3) and (5). Due to the nature of the conduct involved herein, a public reprimand is inappropriate in my opinion. I would therefore indefinitely suspend Mr. Brightbill from the practice of law.