**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Hillis,* **Slip Opinion No. 2014-Ohio-2113.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-2113

DISCIPLINARY COUNSEL *v.* HILLIS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Hillis, Slip Opinion No. 2014-Ohio-2113.]***

*Attorney discipline—Consent to discipline—Conduct adversely reflecting on fitness to practice law—Six-month stayed suspension.*

(No. 2013-1244—Submitted September 11, 2013—Decided May 22, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 2013-024.

_____

**Per Curiam**.

{¶ 1} Respondent, Scott Thomas Hillis of Zanesville, Ohio, Attorney Registration No. 0042087, was admitted to the practice of law in Ohio in 1989. On April 8, 2013, relator, disciplinary counsel, charged Hillis with professional misconduct after Hillis was arrested and charged and pleaded no contest to misdemeanor offenses of solicitation and criminal trespass following the

discovery of Hillis with a known prostitute in his parked car on private property. Hillis at the time was the elected part-time law director for Zanesville, Ohio,

**{¶ 2}** A panel of the Board of Commissioners on Grievances and Discipline subsequently considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.

**{¶ 3}** In the consent-to-discipline agreement, Hillis stipulates to the facts alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

**{¶ 4}** The parties stipulate that the mitigating factors present include Hillis's lack of a prior disciplinary record, his timely good-faith effort to rectify his misconduct by seeking treatment for his psychological issues, his cooperative attitude toward the disciplinary proceedings, his character and reputation, his diagnosis of mental-health issues, and the imposition of other penalties, including a 30-day suspended jail sentence, the payment of $400 in fines, a 90-day driver's license suspension, and a sentence of 30 hours of community service. *See* BCGD Proc.Reg. 10(B)(2)(a), (c), (d), (e), (f), and (g). The parties do not note any aggravating factors. Based upon these factors, the parties stipulate that the appropriate sanction for Hillis's misconduct is a six-month suspension from the practice of law with the entire suspension stayed.

**{¶ 5}** The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety.

**{¶ 6}** We agree that Hillis violated Prof.Cond.R. 8.4(h) and, as stated in the parties' agreement, that this conduct warrants a six-month suspension with the entire suspension stayed. While the facts in this case are very similar to the facts in *Richland Cty. Bar Assn. v. Brightbill*, 56 Ohio St.3d 95, 564 N.E.2d 471 (1990) (a public reprimand was warranted for an assistant prosecuting attorney convicted

of impersonating a police officer and soliciting sexual activity for hire), we agree with the parties that a greater sanction is warranted in this case due to Hillis's position as an elected public official. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 7} Accordingly, Scott Thomas Hillis is hereby suspended from the practice of law for six months, with the entire suspension stayed on the condition that he commit no further misconduct. If Hillis fails to comply with the condition of the stay, the stay will be lifted, and Hillis will serve the entire six-month suspension. Costs are taxed to Hillis.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Richard A. Cline, for respondent.

_____