[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Camboni,* Slip Opinion No. 2016-Ohio-653.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-653

DISCIPLINARY COUNSEL *v*. CAMBONI.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Camboni,* Slip Opinion No. 2016-Ohio-653.]**

*Attorneys—Misconduct—Knowingly disobeying an obligation under the rules of a tribunal—Committing a misdemeanor offense while disciplinary action was pending—One-year suspension, stayed on conditions.*

(No. 2015-1314—Submitted September 15, 2015—Decided February 25, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-011.

_____

**Per Curiam**.

{¶ 1} Respondent, Timothy Warren Camboni of Ashland, Ohio, Attorney Registration No. 0083827, was admitted to the practice of law in Ohio in 2008.

{¶ 2} In a complaint filed with the Board of Professional Conduct on February 17, 2015, relator, disciplinary counsel, alleged that Camboni violated the

Ohio Rules of Professional Conduct based on his conviction of one misdemeanor count of assault and his violation of a court order that forbade him to have contact with the victim. The parties entered into stipulations of fact, law, and aggravating and mitigating factors. They agreed that Camboni's conduct violated Prof.Cond.R. 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal) and that a six-month suspension, stayed on a condition, was the appropriate sanction for his conduct.

{¶ 3} A panel of the board granted the parties' motion to waive the hearing and adopted their stipulations of fact, misconduct, and aggravating and mitigating factors. But, noting that Camboni had committed another misdemeanor offense and pleaded guilty to the charge while this disciplinary action was pending, the panel recommended that he be suspended from the practice of law for one year, all stayed on a condition. The board adopted the panel's report in its entirety. We adopt the board's report and agree that a one-year suspension, all stayed on conditions, is the appropriate sanction in this case.

**Misconduct**

{¶ 4} The parties stipulated that in 2013, Camboni and his former girlfriend were traveling in a vehicle and began arguing. The dispute escalated and the woman wanted to exit the vehicle, but Camboni did not stop until they arrived at his residence, where they continued to argue. A neighbor called the police. The woman fled the scene, but when contacted by the police, she alleged that Camboni had attacked her.

{¶ 5} Camboni was charged with several misdemeanor offenses and was later indicted on felony counts of abduction and kidnapping and a misdemeanor count of assault. He was arrested on December 24, 2013, and was released on his own recognizance, but he was prohibited from having any contact with the victim of his alleged crimes. The state moved to revoke his bond in April 2014 for having had contact with the victim, but a judge of the Ashland County Court of Common

Pleas denied the motion and informed Camboni that further contact with the victim would not be tolerated. In May 2014, the judge granted the state's second motion for revocation of Camboni's bond, based on his continued contact with the victim.

{¶ 6} The day after his bond was revoked, Camboni entered an *Alford* plea to a misdemeanor count of assault.[1] All of the felony charges were dismissed as a result of his plea. He was sentenced to six months in jail and ordered to pay a $1,000 fine plus court costs.

{¶ 7} Camboni stipulated that he violated the no-contact order while his criminal case was pending and that his conduct violated Prof.Cond.R. 3.4(c). Relator agreed to dismiss an alleged violation of Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). The board adopted these stipulations.

### Sanction

{¶ 8} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. We also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13).

{¶ 9} Here the parties stipulated and the board found that the relevant mitigating factors include the absence of a prior disciplinary record; the absence of a dishonest or selfish motive; Camboni's full and free disclosure to the board, his cooperative attitude toward the proceedings, and his acknowledgment that his actions were improper; and the imposition of other penalties or sanctions, including his criminal sanction and his loss of employment with the Ashland County Department of Job and Family Services. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and

---

[1] An *Alford* plea is "[a] guilty plea that a defendant enters as a part of a plea bargain without admitting guilt." *Black's Law Dictionary* 86 (10th Ed.2014). *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

(6). The parties further stipulated that none of the aggravating factors identified in Gov.Bar R. V(13)(B) are present, although the stipulations acknowledged that Camboni was charged with and pleaded guilty to another misdemeanor criminal offense—operating a motor vehicle while intoxicated—while this disciplinary action was pending. He was sentenced to one year of probation and 30 days in jail with 27 days suspended for that offense. The parties' stipulations also acknowledged that he has entered into a three-year contract with the Ohio Lawyers Assistance Program ("OLAP") and that at the time the parties entered into the stipulations, was attending daily Alcoholics Anonymous meetings.

{¶ 10} The parties agreed that the appropriate sanction for Camboni's misconduct is a six-month suspension, fully stayed on the condition that Camboni cooperate with OLAP. They cited three cases in support of their recommended sanction: *Disciplinary Counsel v. Rohrer*, 124 Ohio St.3d 65, 2009-Ohio-5930, 919 N.E.2d 180 (imposing a six-month suspension on an attorney who deliberately violated a juvenile judge's order barring communications with the media and then made false statements to the judge denying his conduct); *Richland Cty. Bar Assn. v. Brightbill*, 56 Ohio St.3d 95, 564 N.E.2d 471 (1990) (publicly reprimanding an attorney who was charged with and pleaded no contest to misdemeanor counts of impersonating a police officer and soliciting to engage in sexual activity for hire); and *Disciplinary Counsel v. Hillis*, 139 Ohio St.3d 319, 2014-Ohio-2113, 11 N.E.3d 1156 (imposing a six-month fully stayed suspension on a part-time city law director who pleaded no contest to misdemeanor charges of solicitation and criminal trespass after he was found in a parked car on private property with a known prostitute).

{¶ 11} The board distinguished Camboni's conduct from these cases and recommended that he be suspended for one year, all stayed on the condition that he fully comply with the terms of his OLAP contract, on the ground that he was

charged with and pleaded guilty to another misdemeanor criminal offense while this disciplinary action was pending.

{¶ 12} We adopt the board's findings of fact and misconduct and aggravating and mitigating factors, and we agree that a one-year suspension, all stayed on conditions, is the appropriate sanction for Camboni's misconduct.

{¶ 13} Accordingly, Timothy Warren Camboni is suspended from the practice of law in Ohio for one year, all stayed on the conditions that he engage in no further misconduct and remain in full compliance with his OLAP contract. If Camboni fails to comply with the terms of the stay, the stay will be lifted, and he will serve the full one-year suspension. Costs are taxed to Camboni.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Catherine M. Russo, Assistant Disciplinary Counsel, for relator.

Timothy Warren Camboni, pro se.

_____